UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WALTER SCOTT FOX, III, | ) |
| Petitioner, | ) ) ) |
| v. | ) 2:14-cr-00003-DBH ) 2:16-cv-00514-DBH |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Walter Scott Fox, III, moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 88; Amended Motion, ECF No. 91.)[1]

Petitioner pled guilty to charges of bank fraud, 18 U.S.C. § 1344, and the attempt to evade or defeat tax, 26 U.S.C. § 7201. (Judgment, ECF No. 61 at 1.) In June 2014, the Court sentenced Petitioner to a prison term of 120 months for bank fraud, and to 60 months for tax evasion, with the two terms to be served concurrently, to be followed by terms of three years of supervised release on each count, with the terms to be served concurrently. (*Id.* at 2-3.) Petitioner did not appeal from the judgment.

---

[1] Petitioner invoked 28 U.S.C. § 2255 in his initial motion. (Motion, ECF No. 88.) Because he had not filed the motion on the standard form for section 2255 motions, the Court ordered Petitioner to file the motion on the standard form. (Order, ECF No. 89.) Petitioner complied with the order. (Amended Motion, ECF No. 91.) Because the same claim is asserted in both filings, both filings are referred to below as Petitioner's section 2255 motion.

In his section 2255 motion, Petitioner contends that he is entitled to a reduction in the sentence based on Amendment 791 to the United States Sentencing Guidelines.[2] Petitioner also maintains that in the event he is resentenced, the Court should consider his good behavior while incarcerated. (Amended Motion at 8.)

The Government argues, among other things, that summary dismissal is warranted because Petitioner's motion was not filed timely, and Amendment 791, which was effective on November 1, 2015, is not retroactively applicable to Petitioner's June 2014 sentence. (Response, ECF No. 102 at 8-9.)

After consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## DISCUSSION

Although Petitioner states that he does not seek relief under 18 U.S.C. § 3582 (Reply, ECF No. 103 at 4), a request for a sentence reduction based on an amendment to the sentencing guidelines is governed by 18 U.S.C. § 3582(c)(2), which permits reductions "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).[3]  "Congress has granted the Commission the unusual explicit

---

[2] Amendment 791 adjusted the monetary loss tables for various economic and tax offenses to account for inflation. USSG Supp. to App. C, Amend. 791 (Reason for Amendment). At sentencing, the Court increased the offense level under USSG § 2B1.1(b)(1) as to the fraud offense, and under USSG § 2T4.1 as to the tax offense, as part of its determination of the sentencing guidelines range. (Sentencing Tr., ECF No. 98 at 75-76.) Although the bank fraud conviction resulted in the higher offense level in Petitioner's case, Amendment 791 impacted both guidelines sections.

[3] Title 18 U.S.C. § 3582(c) states in part: "The court may not modify a term of imprisonment once it has been imposed . . . ." The statute provides certain exceptions, the relevant one of which states:

*power* to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in USSG § 1B1.10, which sets forth the amendments that justify sentence reduction." *Braxton v. United States*, 500 U.S. 344, 348 (1991); *see United States v. Havener*, 905 F.2d 3, 7 (1st Cir. 1990) (holding that USSG § 1B1.10(a) "expressly forbids retroactive application" of amendments that do not appear on the list of sentencing guidelines amendments included in section 1B1.10(d)).[4]

---

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(2).

[4] USSG § 1B1.10 provides:

(a) AUTHORITY.—

 (1) IN GENERAL.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

 (2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

  (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

  (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

Because Amendment 791 is not listed in USSG § 1B1.10(d), sentencing reductions under Amendment 791 are not authorized. In other words, Amendment 791 is not retroactive to a sentence imposed before the November 1, 2015, effective date of the amendment. Petitioner, therefore, is not entitled to relief under section 3582(c)(2).

Petitioner's attempt to secure a reduction of his sentence pursuant to 28 U.S.C. § 2255 also fails. Under section 2255, a person may move to vacate his or her sentence on one of four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772-74 (1st Cir. 1994) (holding that the petitioner's claim of errors in the application of the sentencing guidelines did not amount to a miscarriage of justice). None of the grounds set forth in section 2255(a) applies to Petitioner's claim, as Petitioner's claim is based on a non-retroactive guidelines change that occurred after Petitioner was sentenced. Petitioner, therefore, has not asserted a claim within the scope of section 2255.

Furthermore, even if relief were potentially available under section 2255, Petitioner did not file the motion within the limitation period provided under section 2255(f).[5] In

---

(3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

[5] Title 28 U.S.C. § 2255(f) states:

support of his contention that he timely filed his motion, Petitioner invokes section 2255(f)(4), which provides that a section 2255 motion may be filed within one year of the date on which new facts are discovered. Section 2255(f)(4), however, does not apply because Petitioner's request is based on an amendment to the sentencing guidelines rather than on newly discovered facts. *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) (holding that "the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"). Petitioner appropriately does not argue that any other provision of section 2255(f) applies.[6]

---

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[6] Petitioner does not argue that section 2255(f)(1) applies, and such an argument would lack merit in any event. For purposes of the limitation period under section 2255(f)(1), Petitioner's judgment became final 14 days after the June 26, 2014, judgment, because Petitioner did not appeal from his conviction or sentence. *See* Fed. R. App. P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Because the motion was not filed within one year of the date the judgment was final, the motion was not filed timely. Although the First Circuit has held "that section 2255(f) is non-jurisdictional" and that the one-year limitation period "is subject to equitable tolling in appropriate instances," *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011), Petitioner's motion does not allege any facts that raise an issue of equitable tolling.

5

In sum, Petitioner has not asserted a basis for relief under 28 U.S.C. § 2255. In addition, 18 U.S.C. § 3582(c)(2), the statute that governs the modification of sentences when the Sentencing Commission reduces the applicable sentencing range, does not permit relief because Amendment 791 is not retroactively applicable under USSG § 1B1.10(a), (d). Accordingly, Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. I recommend the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of June, 2017.