# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:14-CR-03-DBH |
| | ) | (CIVIL NO. 2:16-CV-514-DBH) |
| WALTER SCOTT FOX, III, | ) | |
| | ) | |
| **DEFENDANT/PETITIONER** | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On June 12, 2017, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on 28 U.S.C. § 2255 Motion. The petitioner filed an objection to the Recommended Decision on June 26, 2017. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, with the following additions, and determine that no further proceeding is necessary.

The petitioner states that he is not seeking retroactive application of Guideline Amendment 791 (a change in the financial loss tables favorable to the petitioner, but a change that the Sentencing Commission did not make retroactive so as to apply to this petitioner's sentence on June 26, 2014). Instead, he says that he is seeking a sentence reduction under 28 U.S.C. § 2255

(that the sentence "is otherwise subject to collateral attack"). He then states that his October 3, 2016 petition is timely under the portion of section 2255 that permits filing within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). He says that his claim "is based on the <u>fact</u> that the Loss Tables of Section 2.B.1.1(b) of the U.S.S.G. were updated November 1, 2015 to account for inflation for 14 years demonstrates 'cause' and 'prejudice.'" Petitioner's Response to Magistrates Court's Recommended Decision (ECF No. 106) at 1 (emphasis original). Moreover:

> Petitioner asserts that the <u>fact</u> the Loss Tables in Section 2B1.1(b) were inequitable and were not a recognized as a <u>fact</u> until the United States Sentencing Commission adjusted them and Congress ratified that as <u>fact</u> on November 1, 2015. . . . Petitioner again asserts the <u>fact</u> that the loss tables have now been adjusted for inflation due to the <u>fact</u> the U.S.S.C. recognized the inequities of not adjusting the tables for inflation for over 14 years.

<u>Id</u>. at 2 (all emphases original).

Although I understand the petitioner's frustration in being unable to use the amended loss tables and his belief that this outcome is inequitable, the Commission's new loss tables are not "facts supporting the claim" within the meaning of 28 U.S.C. § 2255(f)(4). Instead, they are a change in the law, and only the Commission can give the new loss tables retroactive effect. <u>Braxton v. United States</u>, 500 U.S. 344, 348 (1991); <u>United States v. Havener</u>, 905 F.2d 3, 7 (1st Cir. 1990).

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. An evidentiary hearing is not warranted under Rule

2

8 of the Rules Governing Section 2255 Proceedings. The petitioner's motion for habeas relief under 28 U.S.C. § 2255 is **DENIED**. No certificate of appealability shall issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 13TH DAY OF JULY, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**