# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CRIMINAL NO. 2:14-CR-03-DBH |
| | ) | |
| WALTER SCOTT FOX, III, | ) | |
| | ) | |
| DEFENDANT/PETITIONER | ) | |

## ORDER ON MOTION FOR SENTENCE REDUCTION

In 2014, I sentenced Walter Scott Fox, III to ten years in prison for bank fraud and attempted tax evasion. Judgment at 2 (ECF No. 61). Recently Fox filed a *pro se* motion for a 24-month reduction in his sentence under what is sometimes called the compassionate release provision of federal sentencing law. The government has opposed the motion.

Before enactment of the First Step Act in December 2018, compassionate release was available only if the Bureau of Prisons filed a motion requesting it.[1] Now, however, the court can in some circumstances act on such a motion without the BOP's recommendation—for example, if 30 days go by after the prisoner makes a request of the warden at his facility.[2] Fox has satisfied that prerequisite.

---

[1] "The court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . ." 18 U.S.C. § 3582 (as effective Nov. 2, 2002 to Dec. 20, 2018). See also U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce the term of imprisonment . . .").

[2] "*The court*, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or *the lapse of 30 days from the receipt of*

The statute in its current form provides that a court may reduce a prison sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).³

Before the First Step Act amendment the United States Sentencing Commission promulgated the following policy statement:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In its Commentary, the Commission elaborated on what are "extraordinary and compelling reasons":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2),

---

*such a request by the warden of the defendant's facility,* whichever is earlier, *may reduce the term of imprisonment . . ."* 18 U.S.C. § 3582(c)(1)(A)(ii) (emphasis added).

³ The statute also allows early release in some circumstances where a prisoner has reached age 70 and served 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii). Fox does not seek and does not qualify for that relief.

2

extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

One district court has concluded that this policy statement (which it characterizes as "old" now that the First Step has been enacted) "provides helpful guidance," but "does not constrain the Court's independent assessment," and that "it is consistent with the old policy statement and with the Commission guidance more generally for courts to exercise similar discretion as that previously reserved to the BOP Director in evaluating motions by defendants for compassionate release." See United States v. Beck, 2019 WL 2716505, at *6, 9 (M.D.N.C. June 28, 2019); accord United States v. Cantu, 2019 WL 2498923, at * 5 (S.D. Tex. June 17, 2019) (factor D—Other Reasons as determined by BOP—is no longer binding). Other courts seem to treat the current Policy Statement as binding even after the First Step Act. See, e.g., United States v. Solis, 2019 WL 2518452, at *2-3 (S.D. Ala. June 28, 2019); United States v. Johns, 2019 WL 2646663, at *1, 3 (D. Ariz. June 27, 2019); United States v. Gross, 2019 WL 2437463, at * 3 (E.D. Wash. June 11, 2019); United States v. Gutierrez, 2019 WL 2422601, at *1-2 (D.N.M. June 10, 2019); United States v. Heromin, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192, at *2 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019) ("Shields has not cited, and the Court has not discovered, any authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments."); United States v. Clark, 2019 WL 1052020, at *2 (W.D.N.C. Mar. 5, 2019).

The First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate. I agree with the courts that have said that the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive given the statutory change. I turn to its criteria, and I conclude that Fox does not meet any of them.

As to (A), medical condition of the defendant, Fox reports that BOP's low level of medical care resulted in his waiting 7 months for emergency eye surgery for a detached retina and obtaining restoration of only 55% of his vision when immediate surgery would probably have produced full vision. Mot. at 2 (ECF No. 109). He has been waiting over 6 months for cataract surgery on his other eye. Id. But his regrettable eye conditions do not satisfy the medical condition policy statement.

Fox is 61 and therefore does not satisfy subsection (B) regarding age. Id.

As to (C), Family Circumstances, Fox reports that his wife is suffering emotionally and financially due to his imprisonment and is forced to work at age 65; that his adult daughter "has been forced basically to postpone her life in order to provide the financial and emotional support [to her mother] that the petitioner is unable to because he is in prison"; and that his adult son has not spoken to him in 5 years and may not allow him to see his soon-to-be-born

grandbaby. Id. at 1. All those family effects are regrettable, but they do not meet the criteria of comment (C).

Fox also describes the unfairness of so many changes to the Guidelines that have passed him by—reduced sentences for drug dealers; reduced Guidelines for financial crimes that were not made retroactive so as to affect him; more flexibility in non-Guideline sentencing practices in crimes that, like his, start with a low base offense level and add significant loss enhancements; apparent leniency for high profile white-collar defendants like Paul Manafort; and so on.[4]

In that respect, I have considered the Commission's "Other Reasons" factor (D) that, in its current version, leaves identification of other "extraordinary and compelling reason[s]" to the Director of the Bureau of Prisons. That deference to the BOP no longer makes sense now that the First Step Act has reduced the BOP's role. The Commission has not revised its policy statement to reflect this First Step Act change and is unlikely to do so soon, since it lacks a quorum of members. I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts. But even so, I conclude that those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release. Despite Fox's understandable frustration over the unfairness he perceives in others getting sentencing benefits while he does not,

---

[4] He also refers to his substantial rehabilitation while in prison. Although I take it into account and congratulate him for it, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. 3.

6

the compassionate release provision is not an end-run around the Commission's authority to make certain Guideline changes *not* retroactive[5] or Congress's decision to reduce sentences for some crimes but not others, or a means to redress perceived disparities with other sentenced defendants.

Given the factors Fox has asserted in his motion, his motion is **DENIED**, but **WITHOUT PREJUDICE** to its renewal if and when the Commission, as a result of the First Step Act, adopts a revised policy statement that contains provisions more favorable to Fox's circumstances.

**SO ORDERED.**

**DATED THIS 11TH DAY OF JULY, 2019**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[5] 18 U.S.C. § 3582(c)(2) and Guideline § 1B1.10 deal specifically with Guideline amendment retroactivity.